**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| International Star Registry of Illinois, Ltd., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 1:25-cv-06086 |
| v. | ) | |
| | ) | Judge Jorge L. Alonso |
| Dan Dee International, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff International Star Registry of Illinois, Ltd. ("ISR") moves to lift the stay on this action entered on August 28, 2025. Dkt. 20. Defendant Dan Dee International, LLC ("Dan Dee") opposes Plaintiff's motion, and separately moves to strike new evidence in Plaintiff's reply memorandum in support of its motion to lift the stay. Dkt. 31. For reasons discussed below, both motions are denied.

### Background

On October 1, 2021, ISR and Dan Dee executed a licensing agreement, wherein Dan Dee obtained a license to use Plaintiff's intellectual property in connection with the manufacture and sale of a star-shaped plush toy through an online store. Dkt. 1 at ¶ 5. On April 19, 2024, ISR filed suit against Dan Dee, alleging various contract claims in connection with the breakdown in ISR and Dan Dee's business partnership. *Int'l Star Registry of Illinois, Ltd. v. Dan Dee Int'l, LLC*, No. 1:24-cv-04759 ("*Dan Dee I*"). On December 24, 2024, ISR and Dan Dee entered into a settlement agreement, whereby Dan Dee agreed to return, among other things, the online store domain, "wishuponastargift.com." *Id*. Dan Dee instead transferred the domain "wishuponastargifts.com." *Id*. On January 28, 2025, ISR filed a motion to enforce the settlement agreement in *Dan Dee I*. *Id*.

On May 27, 2025, the *Dan Dee I* Court found that "wishuponastargift.com" was not equivalent to "wishuponastargifts.com," and granted ISR's motion. *Id*.

On May 30, 2025, ISR filed this action, alleging negligent inducement, tortious interference, breach of settlement agreement, and negligence in connection with Dan Dee's failure to safeguard the online store domain and subsequent failure to transfer the domain to ISR in breach of the settlement agreement in *Dan Dee I*. Dkt. 1. ISR also alleges trademark and copyright infringement in connection with Dan Dee's registration and use of "wishuponastargifts.com," which displays ISR's marks and images. *Id*.

On July 7, 2025, *Dan Dee I* was terminated, and final judgment was entered. On August 18, 2025, Dan Dee appealed the *Dan Dee I* Court's decision to grant ISR's motion to enforce the settlement agreement to the Seventh Circuit, disputing that it breached the settlement agreement and the materiality of the domain transfer.

On August 28, 2025, this Court determined that the claims in this action are related to the pending appeal in *Dan Dee I*, and stayed this action pending the Seventh Circuit's decision. Dkt. 17. Plaintiff now moves to lift the stay, and Defendant moves to strike Plaintiff's evidence introduced by Plaintiff in its reply brief. Dkt. 20, 31.

**Discussion**

**A. Defendant's Motion to Strike**

In its opening brief in support of its motion to lift the stay in the present action, Plaintiff argued that the stay would cause undue prejudice, including "lost business opportunities," "reputational damage, consumer confusion, and lost sales." Dkt 20 at 7. At the October 2, 2025 status hearing, Plaintiff requested leave to file a reply in further support of its motion to lift the stay in order to detail its ongoing harm. The Court granted Plaintiff's request. Defendant did not

2

request leave to file a sur-reply. On reply, Plaintiff submitted: a declaration by Rocky Mosele, the owner of ISR, describing Dan Dee's failure to transfer the online store domain, Dan Dee's creation of the "wishuponastargifts" website using ISR's marks and images, a lost business opportunity with QVC, and ISR's $180,000 in stranded inventory (the "Mosele Declaration"); Exhibit A to the Mosele Declaration, screenshots of the "wishuponastargifts" website displaying ISR's marks and copyrighted images; Exhibit B to the Mosele Declaration, public Instagram and Facebook pages for "wishuponastargifts" showing third-party use; and Exhibit C to the Mosele Declaration, emails concerning the QVC opportunity and ISR's delay in providing QVC with information due to Dan Dee's delay in "giving me control of the asset." Dkt. 30-1-4. Defendant argues that Plaintiff's introduction of this new evidence on reply is improper and that Plaintiff's evidence is not admissible.

Ordinarily a party may not introduce new evidence or raise new arguments on reply. *See United States v. Feinberg*, 89 F.3d 333, 341 (7th Cir. 1996) (A reply brief "is not the appropriate vehicle for presenting new arguments or legal theories to the court"); *Johnson v. Root*, 812 F. Supp. 2d 914, 924 (N.D. Ill. 2011) ("A party cannot make conclusory and underdeveloped arguments in its opening brief and then deign to support and develop those arguments in his or her reply brief."). However, Plaintiff was granted leave to file a reply with additional evidence supporting its argument of undue prejudice due to ongoing harm. The new evidence Plaintiff submitted falls well within the ambit of that leave. Plaintiff does not raise legal theories or arguments through this evidence that was not already broached in its opening brief: Plaintiff argued in its opening brief that it had "lost business opportunities"—the QVC opportunity, Exhibit C; "lost sales"—the $180,000 in stranded inventory, the Mosele Declaration; and had suffered "reputational damage [and] consumer confusion"—the "wishuponastargifts" website created by Dan Dee with ISR's

3

marks and images and the third-party "wishuponastargifts" social media pages, Exhibits A and B. The appropriate time for Defendant to raise its concerns about the "balance" of the record was at the October 2, 2025, status hearing. Lastly, the Court need not reach the parties' arguments concerning the applicability of the Federal Rules of Evidence to a motion to lift a stay of proceedings or determine whether Plaintiff's evidence is admissible under the FRE. As discussed below, even if Plaintiff's evidence is admissible, it is not sufficient to demonstrate undue prejudice.

Defendant's motion to strike is denied, and Defendant is denied leave to file a sur-reply.

## B. Plaintiff's Motion to Lift the Stay

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936); *see also Trippe Mfg. Co. v. Am. Power Conversion Corp.*, 46 F.3d 624, 629 (7th Cir. 1995) ("Federal district courts have the inherent power to administer their dockets so as to conserve scarce judicial resources."). When deciding whether to grant a stay, courts balance the competing interests of the parties and the interest of the judicial system. *Landis*, 299 U.S. at 254. Courts often consider the following factors when deciding whether to stay an action: (i) whether a stay will unduly prejudice or tactically disadvantage the nonmoving party, (ii) whether a stay will simplify the issues in question and streamline the trial, and (iii) whether a stay will reduce the burden of litigation on the parties and on the court. *Markel Am. Ins. Co. v. Dolan*, 787 F. Supp. 2d 776, 779 (N.D. Ill. 2011). Here, these factors weigh against lifting the stay.

### 1. Simplify the Issues and Streamline Trial

Resolution of the appeal pending in *Dan Dee I* will simplify the issues in this action. Whether Dan Dee breached the settlement agreement by failing to transfer

4

"wishuponastargift.com," and the materiality of any such breach, is the premise or a key issue of each and every one of the claims asserted by Plaintiff in this litigation: Plaintiff's claim for breach of the settlement agreement is based on Defendant's failure to transfer the "wishuponastargift.com" domain; Plaintiff's negligence claim is based on allegations that Defendant failed to safeguard the "wishuponastargift.com" domain; Plaintiff's claim for tortious interference alleges that Defendant concealed its loss of the "wishuponastargift.com" domain"; and Plaintiff's infringement claims are based on Defendant's unauthorized use of ISR's images on "wishuponastargifts.com." *See* Dkt. 20 at 3. Plaintiff's motion to enforce the settlement agreement concerned Dan Dee's failure to transfer the "wishuponastargift.com" domain and attempt to substitute it for the "wishuponastargifts.com" domain. *See id*. at 2. Therefore, should the order granting Plaintiff's motion to enforce the settlement agreement be reversed, then some, if not all, of Plaintiff's claims in this action are, at minimum, affected. *See Dawoudi v. Nationstar Mortg., LLC*, 2016 WL 8711604, at *2 (N.D. Ill. Sept. 16, 2016) (litigation stayed where the "pending appeals would potentially be entirely dispositive of this case and, at a minimum, simplify the issues for the parties and the Court").

Plaintiff's arguments are not persuasive. ISR attempts to distance its claims in this action from its claims in *Dan Dee I* by characterizing its present claims as arising from "new and independent misconduct that occurred after the settlement was executed, as well as negligent-inducement conduct predating it." Dkt. 30 at 5, 8. But its present claims are manifestly not "separate and distinct," Dkt. 20 at 5, as the same "post-settlement" conduct gave rise to Plaintiff's motion to enforce the settlement agreement and these claims. Additionally, Plaintiff's argument that "[t]hese are not claims that could have been litigated in the prior case, nor will they be resolved by the pending appeal" construes the standard too narrowly. *Id*. A stay is not proper *only* where

5

the parallel action will resolve *all* of the issues in the present action; the standard is that the stay will "simplify" the issues, a lower threshold. That the appeal in *Dan Dee I* will simplify this litigation by resolving *some* issues is sufficient. *See Obrzut v. LVNV Funding, LLC*, 2020 WL 3055958, at *2 (N.D. Ill. June 8, 2020) ("[J]udges in this District have stayed litigation while awaiting the resolution of appeals that could affect even some claims.").

### 2. Burden of the Litigation on the Parties and Court

For similar reasons, resolution of the appeal pending in *Dan Dee I* would reduce the burden of litigation on the parties and on the Court. Although the legal claims differ between the two actions, the underlying issues are similar and premised on the same facts—namely, the purported breach and enforcement of the *Dan Dee I* settlement agreement. Staying the present action in favor of *Dan Dee I* would preserve judicial resources and reduce the litigation burden on the parties and the Court. Indeed, "[i]t would be a waste of resources to require the parties to brief these issues now… and for this Court to prematurely proceed in this case only to risk issuing an opinion inconsistent with the Seventh Circuit's forthcoming ruling... The better approach is to await the Seventh Circuit's guidance." *Ozinga v. U.S. Dept. of Health & Human Services*, 2013 WL 12212731, at *2 (N.D. Ill. Aug. 14, 2023); *see also Trippe*, 46 F.3d at 629 ("A district court has an ample degree of discretion in deferring to another federal proceeding involving the same parties and issues to avoid duplicative litigation.").

### 3. Undue Prejudice to Plaintiff

Plaintiff's arguments on this issue, even considering its additional evidence on reply for the limited purpose of resolving this motion, are largely conclusory and insufficient to demonstrate undue prejudice. To the extent Plaintiff argues that it will be prejudiced by incurring monetary losses during the stay, it "do[es] not appear to be at risk of suffering any pecuniary prejudice,

because interest will accrue in [its] favor if [it is] determined to be entitled to monetary relief." *JAB Distributors, LLC v. London Luxury, LLC*, 2010 WL 1882010, at *3 (N.D. Ill. May 11, 2010). And while Plaintiff contends that it is losing customers and market share due to Defendants' actions, it does not quantify the lost customers or market share. *See id.; Generac Power Sys. Inc.*, 807 F. Supp. 2d 791, 798 (E.D. Wis. 2011) (plaintiff "must provide more than conclusory arguments about the adverse impact that Kohler's manufacturing and selling of the allegedly infringing product will have on its market share"). And the fact that this case is in the very early stages of litigation weighs against a finding of undue prejudice. *See Amodeo v. Grubhub, Inc.*, 2017 WL 5166647, at *4 (N.D. Ill. Aug. 11, 2017).

*    *    *

For these reasons, Plaintiff's motion to lift the stay of proceedings is denied.

## Conclusion

Defendant's motion to strike and Plaintiff's motion to lift the stay are both denied. The parties shall file a joint status report updating the Court on the status of this case within 14 days of the disposition of Defendant's appeal before the Seventh Circuit.

7

**SO ORDERED.**                                            **ENTERED: July 21, 2026**

**HON. JORGE L. ALONSO**
**United States District Judge**

8